IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

```
JOHNNIE TAVERAS,                    ) D.C. CV. NO. 2005/0132
            Petitioner,             ) 28 U.S.C. § 2255
                                    )
            v.                      ) Ref.: D.C. CR. No. 2001/0032-01
                                    )
UNITED STATES OF AMERICA,           )
            Respondent.             )
_____)
```

# O R D E R

**THIS MATTER** is before the Court on Petitioner's Fed. R. Crim. P. 45(b) motion for extension of time to file his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

On April 29, 2002, Petitioner pled guilty to conspiracy to possess with intent to distribute a controlled substance. In a Judgment and Commitment entered on February 13, 2003, he was sentenced to fifteen (15) years incarceration and ten (10) years supervised release. No appeal followed. Then, on September 6, 2005, Petitioner filed the instant § 2255 motion.

The Court reviewed[1] the timeliness of Petitioner's § 2255

---

[1]   Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

*Taveras v. USA*
D.C. CV. NO. 2005/0132
Order
Page 2

motion *sua sponte*,[2] and found that it was untimely filed.[3] The Court then ordered that Petitioner set forth in writing any reasons why his § 2255 motion should not be dismissed as untimely.

In response, Petitioner alleged that he did not know, prior to July 23, 2005 when he received a copy of his docket sheet from the Court, that his attorney, Benjamin Angueira-Aguirre, had failed to file an appeal on his behalf. The Court is unpersuaded by Petitioner's argument.

In the April 29, 2002 Plea Agreement, Petitioner, who was represented by two (2) attorneys,[4] agreed, *inter alia*, to the following:

> The defendant agrees to waive his right to appeal his conviction, judgment and all orders of the court. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, the defendant waives the right to appeal the sentence or the manner in which it was determined on the grounds set forth in Title 18, United States Code, Section 3742, except that the defendant may appeal a sentence imposed above the statutory maximum. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, U.S.C. Section 2255.

---

[2] *United States v. Bendolph*, 409 F.3d 155, 166 (3d Cir. 2005) ("[C]ourts have the power to raise the AEDPA limitations issue *sua sponte* in cases arising under 28 U.S.C. §§ 2254 and 2255.").

[3] Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255.

[4] Petitioner was represented simultaneously by Eszart Wynter, Esq. and Benjamin Angueira, Esq.

*Taveras v. USA*
D.C. CV. NO. 2005/0132
Order
Page 3

(Plea Agreement at 6.) Petitioner also agreed to "plead true to the Title 21, U.S.C. § 851 enhancement in the indictment which charges the defendant with having a prior felony drug conviction." (*Id*. at 1.) Petitioner was sentenced to fifteen years, which was below the statutory minimum range of twenty years to life.

In addition, Petitioner's first contact with the Court after entry of his February 13, 2003 Judgment and Commitment was a letter to the Clerk of the Court filed on July 26, 2004 asking the Clerk to file a motion on his behalf:

> Requesting that the District Attorney Theodoro St. Clan [sic] to file a route [sic] 35 motion that he was supposed to file in my case. . . . My former counsel Angueira has been in trouble and his license has been suspended. If is possible for the Court to appoint me a new lawyer to take care of the 5k1 U.S.S.G. that I was promised by the prosecutor. I have had no contact with my former lawyer and I'm without means to contact the prosecutor.

(Letter to Clerk of the Court, CR. No. 2001-032, filed Jul. 26, 2004.) The Clerk forwarded the letter to the U.S. Attorney's office for review. Then, on August 23, 2004, Taveras filed another letter, this time requesting copies of his indictment, plea agreement, and plea and sentencing transcripts. The court provided petitioner with copies of the Plea Agreement and the Indictment. The Court further informed Taveras that he was not entitled to free copies of the requested transcripts, and included a form for filing a motion under 28 U.S.C. § 2255 and an application to proceed *in forma pauperis*. Then, in another letter to the Clerk filed on

*Taveras v. USA*
D.C. CV. NO. 2005/0132
Order
Page 4

October 7, 2004, Petitioner requested copies of his plea and sentencing transcripts to prepare a motion under 28 U.S.C. § 2255. In a letter dated October 19, 2004, the Court wrote in pertinent part, "[a]gain, I remind you that according to our records, you have neither completed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, nor filed a motion pursuant to 28 U.S.C. § 2255. Ever persistent, Taveras filed an application to proceed *in forma pauperis,* which included a request for transcripts, on November 10, 2004. The undersigned denied petitioner's application and request for transcripts.[5] Petitioner wrote two more letters to the Court in July 2005 requesting the docket sheet. His untimely motion to correct his sentence was filed on September 6, 2005.

Given the procedural history of this case, the Court is unpersuaded by Petitioner's argument that he did not know, prior to July 23, 2005 when he received a copy of his docket sheet from the Court, that his attorney, Benjamin Angueira-Aguirre, had failed to

---

[5]  In its Order, the Court wrote:

    First, Defendant does not have a pending § 2255 motion before this Court. Second, indigent prisoners are not entitled to free transcripts merely for the purpose of searching them for grounds for a possible application for post-conviction relief. *See United States v. McCollum*, 426 U.S. 317, 321 (1976) (holding that the right to a free transcript is not a necessary concomitant of a writ of habeas corpus); *see also United States v. Stevens*, 224 F.2d 866, 868 (3d Cir. 1955) ("[A] motion under section 2255, being a collateral attack, is the beginning of a[] new proceeding . . . and therefore a transcript of the trial may not be obtained at government expense for the purpose of its preparation.") (citations omitted).

(*United States v. Taveras*, CR. No. 2001-032, Order dated November 18, 2004.)

*Taveras v. USA*
D.C. CV. NO. 2005/0132
Order
Page 5

file an appeal on his behalf.  There being neither good cause nor excusable neglect, it is hereby

    **ORDERED** that Petitioner's motion for extension of time to file his motion under 28 U.S.C. § 2255 is **DENIED**; and further

    **ORDERED** that Petitioner's motion under 28 U.S.C. § 2255 is **DISMISSED** as untimely; and further

    **ORDERED** that a **certificate of appealability will not be issued**; and finally

    **ORDERED** that the Clerk of the Court shall **CLOSE** this file.

    **DONE AND SO ORDERED** this 7 day of April 2008.

                                          **E N T E R:**

                                                /s/
                                      _____
                                      **RAYMOND L. FINCH**
                                      **DISTRICT JUDGE**

**Copies to:**
    George W. Cannon, Jr., Magistrate Judge
    Johnnie Taveras, Reg. No. 22044-069, LSCI Allenwood, P.O. Box
        1000, White Deer, PA 17887 (PLEASE MARK: Legal Mail: Open
        in Presence of Inmate Only)
    Anthony Jenkins, United States Attorney
    Eszart Wynter, Esq.
    Law Clerk-TLB
    A. McFarlande